ALBERT V. BRYAN, Senior Circuit Judge:
The initial prayer in this appeal is for leave to the Citizens for Albemarle, Inc. and Albemarle County Taxpayers, Inc. to intervene in an action for declaratory and in-junctive relief, as well as for damages, against Albemarle County, Virginia and its Board of Supervisors, individually and officially, for refusal allegedly upon racial bias of the plaintiffs’ request for rezoning of land for development into a planned community. 42 U.S.C. § 1983. Next, upon allowance of intervention appellants would seek vacation of and a new trial upon the April 26,1976 District Court decision ordering the rezoning because of a purported pendente lite agreement of the Supervisors, now impeached by the appellants as procured under duress. Both intervention and the new trial were denied on August 11, 1976 and the movants appeal.
L
We think, to begin with, the intervention was demandable of right, its refusal an abuse of discretion.[1]
1. Appellants moved with dispatch. The rezoning came about through events hardly foreseeable before the decree of April 26, 1976. Appellants lodged their motion with the Clerk of Court on May 5, with copies then mailed to the trial judge and to all of counsel, but it could not be “filed” until the next day, the Clerk having closed his office early on the fifth. FRCiv.P. 5.
2. Again, the appellants claimed and, as will momentarily appear, asserted substantial grounds for claiming “an interest relating to the . . . subject of the action” and were “so situated that the disposition of the action [could] as a practical matter impair or impede [their] ability to protect that interest unless [their interest was] adequately represented by existing parties”. FRCiv.P. 24(a)(2).
3. The motion for intervention appropriately laid out its grounds. It was attended *238 by a pleading consisting of a motion, to set aside, in effect, the order of April 26, 1976 and to grant a new trial, reciting therein appellants’ defenses to the rulings of the District Court in the order. FRCiv.P. 24(c) and 59.
In fine, appellants met with all the procedural prerequisites exacted of an interve-nor. Above all, their effort at intervention in the circumstances was not precluded, as has been suggested, because their motion was not made until after a final decree had been entered. Vide: Cascade Natural Gas Corp. v. El Paso Natural Gas Co., 386 U.S. 129, 87 S.Ct. 932, 17 L.Ed.2d 814 (1967).
II.
The facts demonstrate incontrovertibly that appellants possessed, as just observed in referring to Rule 24(a)(2), such “an interest relating to the property or transaction” in suit that “the disposition of the action” could “impair or impede” their ability to protect their concern. Admittedly, the two corporations were composed of upwards of 1000 residents or property owners in the County who, not without reason, feared that the “planned community” would endanger the purity and potableness of the water in the Albemarle County Reservoir. This question was the subject of conferences between the plaintiffs, the owner of the site of the proposed community, and his associate, on the one hand, and the Supervisors including the County Attorney, on the other. The first suggested solution of their differences was discarded, a second pondered.
Before formal consummation of an agreement upon the second proposition, several of the Supervisors had left the Board because of the expiration of their terms of office; new members succeeded them. With no settlement ensuing, the action came on for trial before the District Judge and an advisory jury on Monday, April 19, 1976. Plaintiffs’ proof outlined the two unadopted rezoning plans but it indicated that the second one had seemingly been agreeable to, though never accepted by, the first Board of Supervisors. Defendants’ case began Thursday, April 22 and continued for four and a half hours, after which the Court recessed until Monday, April 26. Before dispersal, however, the judge asked counsel to meet with him.
At that time the the judge pressed the Supervisors to accept the proposed settlement, stating that he had been advised that the former Board had consented to settle the case in September 1975 and that he should “hold them to this commitment”. Further, the judge stated, there were indi-cia of “hanky-panky” afoot, possibly by the second Board. Finally, he warned that should damages be awarded against the Supervisors, he would do all he could to see that the damages were paid out of their own pockets, reminding them that he, not the jury, would actually fix the amount. These remarks were heard by some of the Supervisors and repeated to others by the County Attorney.
On conclusion of the meeting of the judge with counsel, the County Attorney asked him for an opportunity to convene the Board to think about a settlement. At this gathering the judge’s comments upon the possible personal monetary answerability of the Supervisors were repeated. Thereupon the Attorney advised them to make the settlement, rather than to hazard their “entire personal fortune”, adding that this overbalanced any risk to the public. He confessed that this course was not advised in the County’s best interest, but was to save the Supervisors from pecuniary loss.
After this conference on April 22, the case was adjourned to Monday, April 26. When the Court reconvened that day the order affirming the settlement and granting the rezoning was signed. Thereafter, on May 5, as heretofore related, appellants tendered their motion to intervene. It was heard July 6.
At that session appellants offered the testimony of all those who had heard admonitions given by the judge on April 22 to the Supervisors to settle the case. This evidence was objected to by the judge sua sponte and held inadmissible by him. However, he let it be put of record as a proffer *239 of proof but not to be considered. On August 11, 1976 by opinion and order the motion for intervention and a new trial were denied and are now in this appeal.
Our decision is to reverse. The unquestioned proof manifestly establishes that the appellants had “an interest relating to the . . . subject of the action”, and that they were “so situated that the disposition of the action [could] as a practical matter impair or impede [their] ability to protect that interest, unless [appellants’ interest was] adequately represented by existing parties”. FRCiv.P. 24(a)(2). Obviously, appellants’ interest was not represented at all.
The order of August 11, 1976 will be vacated, and this action is remanded to the District Court with directions to allow the intervention; to admit in evidence the testimony proffered by the appellants of the advice urged by the trial judge on April 22; to grant a new hearing on whether the settlement should be set aside; and to require an answer from the county with respect to the validity of the settlement. Because the trial judge then presiding may be called to testify in the action after the remand, another judge should be assigned for the hearing of this case.
Vacated and Remanded.

. Rule 24. Intervention
(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant’s interest is adequately represented by existing parties.